# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

August 3, 2026

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-4438

> Re:     **Amaya v. Island Bagel Bar Lawrence LLC,** *et al.*
>             <u>**Case No.: 2:26-cv-2699 (ST)**</u>

Dear Judge Tiscione:

This firm represents Defendant Yafim Mulkandov (hereinafter "Mulkandov" or the "Individual Defendant"). Defendant submits the instant letter-motion for a pre-motion conference in anticipation of his motion to dismiss[1] the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

<u>**Relevant Allegations**</u>

Plaintiff alleges that he worked as a food-preparation and customer-service worker from March 2024 through February 2026, *generally* sixty-three (63) hours per week for $15.00 per hour in cash without an overtime premium, with no further specificity. <u>See</u> ECF Docket Entry 1 (hereinafter "<u>Compl.</u>") ¶¶ 7, 22–28. The Complaint asserts one FLSA overtime count and five NYLL counts. Id. ¶¶ 50–76. Its enterprise-coverage allegation states only, on information and belief, that Island had employees handling goods or materials moved in commerce and annual gross sales of at least $500,000.00. <u>Id.</u> ¶ 12. It identifies no interstate good, supplier, transaction, shipment, or factual basis for the sales allegation, and describes Plaintiff's own duties as local food preparation and customer service. Id. ¶¶ 7, 22.

## I. The Complaint Does Not Plausibly Plead FLSA Coverage & Fails to State a Claim

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). *First*, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id.</u> at 678; <u>see</u> <u>also</u> <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).

---

[1] The Individual Rules provide that all dispositive motions are to be made to the District Judge; however, pursuant to Administrative Orders 2023-23 and 2025-14, no District Judge has yet been assigned.  As such, the Defendant submits this letter motion as is required by virtually every District Judge in this Court and as set forth in this Court's Individual Rules.

*Second*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See Iqbal, 556 U.S. at 679.  To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility." See Iqbal, 556 U.S. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

Plaintiff's FLSA claim fails because Plaintiff has not adequately established FLSA coverage and because he has not sufficiently plead that he worked more than forty (40) hours in any given week and was not properly paid for any such week.

As to coverage, under the FLSA, "'Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that-- (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)" See 29 U.S.C.A. § 203(s)(1).

"In order for a plaintiff to establish FLSA coverage, either of two conditions must exist: '(1) the employee individually was 'engaged in commerce or in the production of goods for commerce,' or (2) the employer was an 'enterprise' 'engaged in commerce or in the production of goods for commerce,' regardless of whether the individual employee was so engaged.' […]. 'These bases for coverage under the FLSA are referred to as 'individual' or 'enterprise' coverage, respectively.'" See Zavada v. Mehbizar, Inc., No. 2:23-CV-3682 (OEM) (ARL), 2024 WL 759351, at *2 (E.D.N.Y. Feb. 23, 2024) (citing Bowrin v. Cath. Guardian Soc., 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006)).

"'Where a plaintiff merely repeats the statutory language under FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise 'engaged in interstate commerce' within the meaning of FLSA, the Complaint does not meet the necessary pleading threshold.' […] Plaintiff's barebones invocation of the statutory language under the FLSA does not suffice to plead enterprise coverage under the FLSA." See Zavada, 2024 WL 759351, at *3 (citing Dixon v. Int'l Unified Workforce, Inc., No. 18-CV-7191 (LDH) (SJB), 2020 WL 6140054, at *6 (E.D.N.Y. Sep. 1, 2020)).

"Alternatively, Plaintiff could establish FLSA coverage if he pleads that he was 'engaged in commerce or in the production of goods for commerce' 'regardless of whether his or her employer is an enterprise.' […] An employee is engaged in commerce when 'a substantial part of the employee's work related to interstate commerce.' […] Activities that 'simply affect or indirectly relate to interstate commerce' are insufficient to plead individual coverage. […]" See Zavada, 2024 WL 759351, at *3 (citing 29 U.S.C. § 203(r)(1)); Divins v. Hazeltine Electronics Corp., 163 F.2d 100, 103 (2d. Cir. 1947); Jian Long Li v. Li Qin Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014)).

Here, neither Plaintiff individually nor the employer are alleged to have engaged in the production of goods for interstate commerce. With respect to individual coverage, Plaintiff alleges only that he worked as a food preparer and customer service worker. See Compl. ¶ 7. He does not allege that he regularly communicated across state lines, processed interstate transactions, transported goods in interstate commerce, or otherwise performed work directly and substantially related to interstate commerce. See, generally, Compl. This is insufficient to establish individual coverage under the FLSA.

The Complaint likewise fails to plausibly allege enterprise coverage; it merely recites the elements of same, without identifying any interstate suppliers, goods, materials, shipments, transactions, or other factual circumstances supporting that allegation. See Compl. ¶ 12. Nor does it allege any facts concerning Defendants' actual sales volume or business receipts. Plaintiff's formulaic repetition of the statutory elements, unsupported by factual allegations, is insufficient under Iqbal, Twombly, and Zavada.

As to failure to state a claim upon which relief can be granted, Plaintiff similarly fails to allege he performed work for which he was not compensated. "'[T]o survive a motion to dismiss [an FLSA overtime claim], [Plaintiff] must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than [forty (40)] hours.'" See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013) (quoting Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir.2013)). For example, such a pleading should include "sufficient detail about the length and frequency of their unpaid work." See Nakahata, 723 F.3d at 201.

Here, Plaintiff states broadly that he regularly worked *approximately* 63 hours per week, but implicitly admits that his hours varied. See Compl. ¶¶ 25, 28. Beyond the foregoing allegations, Plaintiff merely states broadly that he worked "in excess of forty hours" each week. See, generally, Id.  This is a mere recitation of the elements, and is thus insufficient to state a claim under Iqbal. Similarly, Plaintiff pleads that he was paid $15.00 per hour, which does not itself prove any violation under the FLSA, as Plaintiff failed to identify how much he earned in any given week. See Compl. ¶ 26.

Given that the FLSA requires both work in excess of forty (40) hours per week and compensation at "not less than one and one-half times the regular rate at which he is employed," Plaintiff has failed to plead with specificity, beyond speculation, any facts regarding these operative elements of the FLSA. See 29 U.S.C. § 207(a); see also Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013).

Accordingly, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II. The Allegations Against Mulkandov Merely Restate the Economic-Reality Test

The claims against Mulkandov should also be dismissed because the allegations in the complaint are insufficient to state a claim against him as an individual employer.

"The underlying inquiry in determining 'employer' status is whether the individual possessed operational control over employees: 'control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.'" See Tapia v. Blch 3rd Ave LLC, 906 F.3d 58, 61 (2d Cir. 2018) (discussing the meaning of "employer" under both the FLSA and NYLL). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." Id. The following factors are often relevant to this inquiry: "[W]hether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id.

Here, the Complaint contains insufficient allegations that Mulkandov is an employer. The Complaint's mere statement that Mulkandov "was responsible for determining, establishing, and paying the wages of all employees of ISLAND BAGEL BAR LAWRENCE LLC, including the Plaintiff, setting his work schedules, and maintaining all his employment records of the business" is conclusory and insufficient under Iqbal, as it does not actually allege anything about *how* Mulkandov was involved in hiring, firing, supervising, or controlling employees, or anything more specific about how Mulkandov determined pay, schedules, and maintained business records for the Plaintiff. See Compl. ¶ 20.

Accordingly, the claims against Mulkandov must be dismissed for this independent reason.

### III. The Statutory-Notice Claims Do Not Plead a Plausible Article III Injury

NYLL §§ 195(1) and 195(3) require a concrete downstream injury caused by the notice defect; a statutory violation alone is insufficient. See Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 305–08 (2d Cir. 2024). The complaint merely alleges an "inability to identify" and "inability to calculate," but the Complaint elsewhere alleges that Plaintiff knew his employer, $15 rate, schedule, sixty-three weekly hours, and lack of overtime. See Compl. ¶¶ 7, 23-28, 35-36. Those inconsistent conclusions do not plausibly allege that accurate documents would have avoided an actual loss or produced an actual benefit. The fifth and sixth counts should be dismissed.

### IV. The Court Should Decline Supplemental Jurisdiction

If the FLSA claim is dismissed at the outset, the Court should decline supplemental jurisdiction over the NYLL claims. See 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014).

Defendants therefore request a pre-motion conference in anticipation of their motion to dismiss on these grounds, without waiving additional grounds permitted after the conference and continuing investigation.

**Mulkanodov Respectfully Requests an Extension of Time *nunc pro tunc* to Respond**

Mulkandov also respectfully requests that his time to answer or otherwise respond be extended *nunc pro tunc* through August 3, 2026, and that this letter be deemed timely. See Fed. R. Civ. P. 6(b)(1)(B). Mulkandov's deadline to respond to the complaint was July 10, 2026. Plaintiff does not consent and filed ECF No. 21 seeking default against him. The requested revised date is August 3, 2026.

The missed deadline was inadvertent and occurred during a concentrated period of court obligations. On July 10, 2026, undersigned counsel was required to appear for an in-person contempt hearing the Supreme Court of the State of New York, Richmond County, and had inadvertently failed to earlier submit a response to the complaint. Counsel's appearance, prior extension request, and the substantive defenses above confirm an intent to defend, not delay or abandon the action.

Excusable neglect turns on prejudice, delay and case impact, the reason for delay and whether it was within the movant's control, and good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003). Here, due to the hearing, counsel inadvertently failed to timely file the instant response. However, the delay was short and the corporate defendant has not appeared. Further, no discovery, schedule, or merits ruling has been affected. In addition, Plaintiff identifies no evidentiary or substantive prejudice. Mulkandov has acted in good faith, and this filing presents meritorious defenses. The circumstances therefore constitute excusable neglect such that the defaults were not willful. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–98 (2d Cir. 1993).

Accordingly, Mulkandov respectfully submits that this Court should exercise its discretion in favor of an extension of time, *nunc pro tunc*, through August 3, 2026, deeming this letter timely.

Mulkandov thanks this Court for its time and attention to this case.

Dated:  Jamaica, New York
      August 3, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Yafim Mulkandov*

**VIA ECF**
All counsel of record

5