**HELEN F. DALTON & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. (718) 263-9591 | F. (718) 263-9598

September 8, 2026

Via ECF:
Honorable Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

**Re:** ***Amaya v. Island Bagel Bar Lawrence LLC et al***
**Civil Docket No.: 2:26-cv-02699-PKC-ST**

Dear Judge Chen,

Our office represents Plaintiff in the above-referenced matter, and we respectfully submit this letter in opposition to Defendants' pre-motion letter dated August 3, 2026 (hereinafter "Defendants' Anticipated Motion") which requested a pre-motion conference to move to dismiss Plaintiff's claims. Plaintiff sincerely apologizes for filing this letter past the deadline set forth in Your Honor's Individual Rules.

**Legal Standard**

The Supreme Court has stated that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss under [Rule] 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing Twombly, 550 U.S. at 555-56). Furthermore, when deciding a motion to dismiss pursuant to Rule 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party." *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008).

**Legal Argument**

A. FLSA Coverage

*(1) Enterprise Coverage*

"Under the FLSA, a business is an 'enterprise engaged in commerce or in the production of goods for commerce' when it (1) has employees who produce or work on goods that have moved in commerce, and (2) has gross annual sales of $500,000 or more." *See, e.g., Singh v. Golam Mowla*, No. 19 CV 4687 (PKC)(LB), 2022 U.S. Dist. LEXIS 179520, at *16-17. Plaintiff do not need to "specify the exact origin of the goods that Defendants' employees handle" to successfully plead the interstate commerce requirement for enterprise coverage. *Id.* at *5. When a Plaintiff does not specify the exact origin of goods that Defendants' employees handle, "[c]ourts have found it reasonable to infer enterprise coverage from 'the nature of an employers' business.'" *Soto v Miss Laser Inc., No.* 19-CV-04745 2023 US Dist LEXIS 9456 (EDNY Jan.

19, 2023) *citing Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 U.S. Dist. LEXIS 126019, 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015). Lastly, it would "defy logic to assume that materials, food, or drinks used or served in a restaurant only originated in state." *See Cabrera v. Canela*, No. 14 Civ. 4874 (LDH) (RML), 2019 U.S. Dist. LEXIS 57308, 2019 WL 1451994, at *1-2 (E.D.N.Y. Mar. 31, 2019) (discussing various cases involving restaurants that meet the interstate commerce requirement).

Here, Plaintiffs clearly allege that Defendant ISLAND BAGEL BAR LAWRENCE LLC has engaged in interstate commerce, rather than just stating their nature of their work and the nature of Defendants' business ("Defendant ISLAND BAGEL BAR LAWRENCE LLC has purchased goods, tools, and supplies for its business through streams and channels of interstate commerce, has had employees engaged in interstate commerce, and/or in the production of good intended for commerce, and handle, sell and otherwise work with goods and materials that have been moved in or produced for commerce by any person." Dkt. No. 1 at ¶12). Moreover, its nonsensical to assume that Defendants, a bagel store, only purchased goods, ingredients, foods, drinks, utensils, dishes, kitchen appliances, restaurant appliances, cleaning chemicals, and other supplies that all Plaintiff served, sold, or used during the course of his employment in New York state exclusively. Here, Plaintiff has pleaded with particularity that Defendant ISLAND BAGEL BAR LAWRENCE LLC. has engaged in interstate commerce. Importantly, the Court must accept Plaintiffs' allegations as true, and accept that Defendants has, at the very least, purchased good, tools, and supplies for the business through interstate commerce.

Courts in this Circuit have consistently held that the $500,000 requirement is not a jurisdictional issue. *Hernandez v. Bella Notte of Syosset Inc*., No. 2:20-cv-1647 (JMA) (AYS), 2022 U.S. Dist. LEXIS 157358 (E.D.N.Y. Aug. 31, 2022) *citing Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 549 (S.D.N.Y. 2017); *see also Quito v. Shimi Zheng*, 710 F. App'x 28 (2d Cir. 2018). Rather, it is an element that Plaintiff must prove in order to satisfy his burden of proof and does "not divest the Court of subject matter jurisdiction." *Salustio* F. Supp. 3d at 549 (rejecting defendant-employer's argument that the Court lacks original jurisdiction and supplemental jurisdiction over plaintiff-employee's state claims because the $500,000 threshold was not reached). Lastly, "[i]t should not come as a surprise that, given the expansiveness of this test, '**virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA**.'" *Archie v. Grand Cent. P'shp.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (emphasis added); *see also Rocha v. Bakhter Afghan Halal Kababs, Inc.,* 44 F. Supp. 3d 337 (E.D.N.Y. 2014) (finding that plaintiff-employee's sworn statements contradicted the tax returns provided by Defendants and denying Defendants Rule 12(b)(1), 12(b)(6), and Rule 56(b) motions). At this stage, the Court should accept Plaintiffs' allegations that Defendants have met the threshold required by the FLSA as true and draw inferences about Defendants' gross sales in favor of Plaintiffs.

*(2) Individual Coverage*

When a complaint sufficiently pleads FLSA enterprise coverage, the Court need not reach the question of individual coverage. *See Chen v. Gypsophila Nail & Spa Inc.,* M. 15-CV-2520 2015 U.S. Dist. LEXIS 70970* *2 (S.D.N.Y. 2015). As demonstrated above, Plaintiff has sufficiently pleaded enterprise coverage.

B. <u>Overtime Claims</u>

"Within this Circuit, some courts have required an approximation of the total uncompensated hours worked during a given workweek in excess of 40 hours." *Lundy v Catholic Health Sys. of Long Is., Inc.*, 711 F3d 106, 114 (2d Cir 2013); *citing to Nichols v. Mahoney*, 608 F. Supp. 2d 526, 547 (S.D.N.Y. 2009); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628

(S.D.N.Y. 2007). Further, "[c]ourts elsewhere have done without an estimate of overtime, and deemed sufficient an allegation that plaintiff worked some amount in excess of 40 hours without compensation." *Lundy*, 711 F3d 106, at 114; citing Butler, 800 F. Supp. 2d at 668 (collecting cases) (emphasis added to the original). In *Lundy*, the Court held that: "We conclude that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F3d 106, at 114; citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for the excess hours). The *Lundy* Court emphasized that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v Catholic Health Sys. of Long Is., Inc.*, 711 F3d 106, 113-114 (2d Cir 2013) (quoting Iqbal, 556 U.S. at 679). The court then held, "so, to survive a motion to dismiss, Plaintiff must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Id.*

Here, Plaintiff's factual allegations are adequate to satisfy these relevant pleading standards set by the Courts in this jurisdiction. Plaintiff alleges that he regularly worked approximately six (6) days per week throughout his employment. Dkt. No. 1 at ¶ 23. Specifically, Plaintiff worked approximately eleven (11) hours per day for three (3) days per week and approximately ten (10) hours per day for the remaining three (3) days per week, totaling approximately sixty-three (63) hours per week from in or around March 2024 until in or around February 2026. *Id.* at ¶ 24, 25. Plaintiff was paid a flat hourly rate of approximately $15.00 per hour for all hours worked, with no time-and-a-half premium for any hours in excess of forty (40). *Id.* at ¶ 26, 27, 28. These allegations do precisely what *Lundy* requires by providing a concrete approximation of weekly hours worked (63) and establishing that Defendants did not compensate Plaintiff at the overtime rate for those excess hours. As such, Defendants' argument that the overtime claims are inadequately pled is without merit.

C. <u>Individual Liability</u>

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). At the pleadings stage, Plaintiff's burden to establish plausibility on these elements is relatively low – Plaintiff's complaint "need only be plausible and the Court must be able to make a reasonable inference" that Defendant is Plaintiff's employer. *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101 (S.D.N.Y. 2019) (finding that, despite the use of boilerplate language, Plaintiffs "sufficiently alleged facts that allows the court to draw reasonable inferences" that Defendants were liable for the alleged FLA and NYLL violations). Importantly, the "FLSA's definition of 'employer' stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles' in order to effectuate the remedial purposes of the act." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013).

To determine whether an individual is an "employer," the Second Circuit utilizes the economic realities test which focuses on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013). Courts use this same test for purposes of the New York Labor Law ("NYLL"). *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 139 (2d Cir.1999). Additionally, "the Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Id.* at 103 *citing Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 141-42 (2d Cir. 2008).

Here, Plaintiff sufficiently pleads facts demonstrating that Defendants Mulkandov was his employer within the meaning and intent of the FLSA and NYLL. As to the power to hire, the Complaint alleges that Mulkandov "has the exclusive final power to hire the employees of ISLAND BAGEL BAR LAWRENCE LLC, including the Plaintiff." Dkt. No. 1 at ¶ 18. As to the power to fire, the Complaint alleges that Mulkandov "has exclusive final power over the firing and termination of the employees of ISLAND BAGEL BAR LAWRENCE LLC, including the Plaintiff." *Id.* at ¶ 19. As to control over work schedules and conditions of employment, the Complaint alleges that Mulkandov "is responsible for overseeing the daily operations of ISLAND BAGEL BAR LAWRENCE LLC," *Id.* at ¶ 15, and "has power and authority over all of the final personnel decisions at ISLAND BAGEL BAR LAWRENCE LLC." *Id.* at ¶ 16. As to determination of the rate and method of payment, the Complaint alleges that Mulkandov "was responsible for determining, establishing, and paying the wages of all employees of ISLAND BAGEL BAR LAWRENCE LLC, including the Plaintiff, setting his work schedules." *Id.* at ¶ 20. Finally, as to maintenance of employment records, the Complaint alleges that Mulkandov was responsible for "maintaining all his employment records of the business." *Id*. at ¶ 20. Accordingly, Plaintiff has plausibly alleged that Mulkandov was his employer under the economic realities test, and Defendants' contentions are without merit.

D. <u>Article III Standing</u>

In a recent decision on the Article II standing issue on NYLL 195 claims, the Second Circuit found plaintiff-employee has standing to bring claims for violations of New York Labor Law §195(1) and §195(3) when that plaintiff-employee "has plausibly shown that defective notices led him or her to lose wages has such a concrete interest and is not simply policing legal infractions in the abstract." Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 310 (2d Cir. 2024). The Second Circuit drew a clear distinction between a plaintiff "tester" and a plaintiff that alleges a concrete injury – a plaintiff "tester" simply intends to promote compliance with the statute without any concrete interest while a plaintiff with Article III standing on NYLL §195(1) and §195(3) claims actually lost wages. Id.

Courts in this district have begun applying the Guthrie holding. In *Solis v. Tropical Rest. Bar Inc*., the Court found that Plaintiff sufficiently plead Article III standing, under the new Guthrie holding, on his NYLL 195 claims by alleging that defendants' "failure to provide wage notices and wage statements 'denied [him his] statutory right to receive true and accurate information about the nature of [his] employment and related compensation policies"; and (4) 'the breach of obligations injured [him] by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages[.]" *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH), 2024 U.S. Dist. LEXIS 170457 *31 (E.D.N.Y. Sep. 19, 2024). Moreover, in *Ortega v. Frozen Deli & Grocery Inc.*, the Court found that plaintiff plead a "plausible theory" as to how the failure to provide wage notices and wage statements caused harm by only alleging that "that Defendants' failure to provide them with any wage statements or wage notices "served to keep [them] uninformed so that [they] did not have proper information to contest the lack of proper wages." *Ortega v. Frozen Deli & Grocery Inc.*, 2024 U.S. Dist. LEXIS 192098 *26 (S.D.N.Y. Oct. 22, 2024).

Here, Plaintiffs allege that Defendants failed to provide accurate wage statements and proper wages notices. Dkt. No. 1 at ¶ 32,33. Plaintiff alleges that "[a]s a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of

his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA – which he was not." *Id.* at ¶ 35. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL." *Id.* at ¶ 36.

Plaintiff is not simply a "tester" to promote compliance with NYLL § 195; Plaintiff alleges concrete injuries resulting from Defendants violation of the statute – lack of knowledge of the pay rates he was receiving and should have been receiving for overtime hours which lead to an inability to identify whether he was being paid in compliance with the law. Plaintiffs allege similar injuries resulting from Defendants' failure to provide accurate wage statements and proper wage notices to the plaintiffs in *Solis* and *Ortega*, arguably with more specificity. Therefore, Plaintiffs have plausibly alleged Article III standing on their NYLL § 195 claims for failure to provide accurate wage statements and proper wage notices under the *Guthrie* holding.

E. Alternative Relief Requested

Alternatively, should, *arguendo*, the Court be inclined to conclude that Plaintiffs have not sufficiently pled any of the above, then the Plaintiffs respectively request leave of Court to amend their FLSA Complaint in order to provide additional factual material *in lieu* of any such dismissal. Pursuant to FRCP Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Moreover, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. of Civ. Proc. R. 15(a).

**Conclusion**

Based on the foregoing, Defendants' arguments are frivolous and without merit. We thank the Court for its kind consideration in this matter and remain available to provide any additional information.

Respectfully submitted,

*/s/KatelynSchillaci*
Katelyn Schillaci, Esq.

CC (via ECF):
*Counsel for Defendants*